UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IVORY BUTLER,

              Plaintiff,

v.

RONALD HAYNES, et al.,

              Defendants.

Case No. 3:21-cv-05683-MJP-TLF

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT

This matter is before the Court on plaintiff's filing of a civil rights complaint. Plaintiff has been granted *in forma pauperis* status in this matter and is proceeding *pro se*. Considering the deficiencies in the complaint discussed below, however, the undersigned will not direct service of the complaint at this time. On or before November 15, 2021, Plaintiff must either show cause why this cause of action should not be dismissed or file an amended complaint.

BACKGROUND

In the complaint, Plaintiff, an inmate housed at the Stafford Creek Corrections Center ("SCCC"), alleges Defendants Ronald Haynes, Superintendent at SCCC, Sara Kariko, M.D., Chief Medical Officer/Health Care Manager at SCCC, Ryan Herrington, Facility Medical Director at SCCC, and Ron Attard, Food Services Manager (FSM) at SCCC, violated his Eighth and Fourteenth Amendment rights by exposing him to Covid-19. Dkt. 1-1, Complaint. Specifically, Plaintiff alleges he was:

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 1

> exposed daily during this well known pandemic, by staff and inmates who tested positive since March 2020 to present, and defendants have unreasonably threatened Plaintiff's life, health, and safety, through this 18+ months exposure in a confined environment, because of the defendant's negligent and inadequate measures employed at SCCC to control the spread of COVID-19 virus, denying plaintiff to physically distance himself from others, or self-quarantine.

Dkt. 1-1, Complaint, at 3.

Plaintiff alleges he was denied "proper and adequate safety protocols and care at SCCC" and that Defendants "failed to effectively test all incoming staff[.]" *Id*. at 4. Plaintiff alleges Defendants "negligently delayed for at least 8 months, to start testing the inmate population, until approximately early December 2020." *Id*. He alleges Defendants were "negligent in not developing adequate infection tracking/surveillance, testing, and isolation/quarantine protocols in a timely manner[.]" *Id.* Plaintiff also alleges Defendant Attard contracted COVID-19 and became a carrier of the virus and "knew or should have known, of the excessive risk he posed to plaintiff." *Id.* at 3.

Finally, Plaintiff alleges Defendants have "developed a policy and procedure at SCCC which effectively deprives the plaintiff to: (a) timely medical care and treatment, (b) falsely reporting, as an agency of DOC, that they are in compliance with COVID-19 avoidance procedures; (c) Negating the administrative process to file emergency request for relief." *Id*. at 6-7.

As relief, Plaintiff asks the Court to order Defendants "to identify petitioner's health needs in total within 48 hours to evaluate him for possible home confinement," and monetary damages of up to $1,000,000.00. *Id*. at 7.

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 2

## DISCUSSION

A.     <u>Legal Standard</u>

Under the Prison Litigation Reform Act of 1996, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); 28 U.S.C. § 1915(e)(2); see *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. See *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step is to identify the specific constitutional or statutory right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

B.     <u>Conditions of Confinement Claim</u>

Plaintiff contends he is being exposed to a serious risk of harm in violation of his constitutional rights. Dkt. 1-1 at 3–7. Under the Eighth Amendment, prison officials are required to provide prisoners with basic life necessities, such as food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832

(1970); *Toussaint v. McCarthy*, 801 F.3d 1080, 1107 (9th Cir. 1986). To state a claim for unconstitutional conditions of confinement, a plaintiff must allege a defendant's acts or omissions deprived the inmate of "the minimal civilized measure of life's necessities," and the defendant acted with deliberate indifference to an excessive risk to inmate health or safety. *Allen v. Sakai,* 48 F.3d 1082, 1087 (9th Cir. 1994) (quoting *Farmer,* 511 U.S. at 834); *see Estate of Ford v. Ramirez—Palmer,* 301 F.3d 1043, 1049–50 (9th Cir. 2002). A prison official does not act with deliberate indifference "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837.

Prison officials have a duty to protect inmates from serious communicable diseases. *Helling v. McKinney*, 509 U.S. 25, 33 (1993) (finding prison officials may not "be deliberately indifferent to the exposure of inmates to a serious, communicable disease"). But Plaintiff must do more than generally allege the Defendants failed to sufficiently control COVID-19. The complaint alleges Defendants are negligent. Dkt. 1-1 at 4 (Defendants have shown negligence in their indifference); *Id.* at 6 (Defendants are aware of the conditions "and continue to operate in wilful [sic] negligence."). But a complaint alleging negligence does not state a valid claim under the Eighth Amendment. *See e.g. Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012) (dismissing Eighth Amendment claim against prison physician whose alleged deliberate indifference involved negligent diagnosis or difference of opinion).

Even when the Court construes Plaintiff's allegations liberally, in portions of the complaint where Plaintiff specifically alleges a violation of his federal constitutional

rights from exposure to COVID-19, his allegations fail to state a cause of action; Plaintiff does not allege any particularized wrongdoing or specific action by any Defendant suggesting that they acted with deliberate indifference to a serious risk of harm.

As to the risk of harm, Plaintiff does not allege he suffered from illness due to the COVID-19 virus—he alleges generally that he was exposed to staff and inmates who had COVID-19 without identifying who those staff or inmates were, when or how he was exposed, or any harm to him personally from exposure to another person who tested positive for COVID-19.

The only specific individual Plaintiff identifies as testing positive for COVID-19 is the Food Services Manager, Defendant Attard. But Plaintiff does not allege any facts to indicate Plaintiff was ever exposed to Mr. Attard at the time he tested positive for COVID-19 nor does Plaintiff allege what, specifically, Mr. Attard did or failed to do that demonstrates Mr. Attard knew of and took actions in deliberate indifference to a serious risk of harm to Plaintiff.

It appears that Plaintiff may be seeking to have several Defendants held liable in this action based solely on their supervisory responsibility or position. This is impermissible in an action brought under § 1983. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691–94 (1978). A supervisory defendant may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), or if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations

marks omitted), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1970). The Plaintiff "must . . . demonstrate that his deprivation resulted from an official policy or custom established by a . . . policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir. 2010).

Plaintiff's allegations do not include sufficient factual assertions regarding the Defendants' involvement or authority in creating or implementing the policies Plaintiff complains of. In the first instance, it is unclear exactly what policy or policies or acts or omissions of Defendants Plaintiff is challenging.

As noted above, Plaintiff's complaint largely raises generalized, conclusory allegations that Defendants have not done enough to control the spread of COVID-19. This is not sufficient to state a claim under the Eighth Amendment. *See Burgess v. Newsom*, 2021 WL 4061611 (E.D. Cal. Sept. 7, 2021) (stating that "generalized allegations the warden has not done enough to control the spread" of COVID-19, are insufficient to state a cognizable Eighth Amendment claim).

Plaintiff also generally alleges that he was "den[ied] to physically distance" or "self-quarantine," and that Defendants have developed policies and procedures depriving him of "timely medical care and treatment," "falsely reporting" being in compliance with COVID-19 avoidance procedures, and "negating the administrative process to file emergency request[s] for relief. Dkt. 1-1 at 3, 6–7. Yet Plaintiff alleges no facts regarding when or how these violations allegedly occurred, what policies he is referring to, how any policies deprived him of his rights, or linking any specific Defendant to the alleged violations. The only slightly more specific allegation Plaintiff

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 6

raises in his complaint appears to relate to the failure to "effectively test all incoming staff" and the failure to implement testing of inmates until December 2020. Dkt. 1-1 at 4.

However, Plaintiff fails to identify any Defendant(s) who possessed final authority to establish policies related to testing. Nor does he allege any facts to support or explain the conclusory allegation that Defendants failed to "effectively test" incoming staff. It is also unclear whether Plaintiff is alleging Defendants failed to test inmates at all until December 2020, or whether he intends to challenge a failure to implement more widespread testing. Finally, Plaintiff fails to allege facts demonstrating that the allegedly deficient policies, or the failure to implement policies, placed him at serious risk of harm and that the Defendant or Defendants with authority to establish such policies knew that the existing policies, or the failure to implement the policies or procedures, placed Plaintiff at serious risk of harm.

Due to the deficiencies of the complaint, described above, Plaintiff has failed to state a claim upon which relief can be granted. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Burgess*, 2021 WL 4061611 (E.D. Cal. Sept. 7, 2021) (finding a prisoner plaintiff failed to state a claim where the plaintiff did not allege specific wrongdoing related to COVID-19 exposure).

C.   Exhaustion

Finally, the Court notes that the complaint does not allege whether Plaintiff has sought or has exhausted his administrative remedies. The Prison Litigation Reform Act of 1996 ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 7

are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Inmates must not only fully exhaust available administrative remedies, but they also must exhaust those remedies in a timely manner and must abide by the administrative rules governing the internal grievance process. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). To effectively exhaust his administrative remedies, an inmate must use all the formal steps of the prison grievance process. *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009).

Because the purpose of exhaustion is to give prison administrators a chance to resolve the issues, the inmate must exhaust each of his claims through grievances containing enough factual specificity to notify officials of the alleged harm. *Id*. at 1120. Exhaustion of administrative remedies should be decided, if feasible, before reaching the merits of a prisoner's claim. *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014).

Plaintiff's complaint will be subject to dismissal, without consideration of the merits of his claims, if he fails to establish that he exhausted administrative remedies before he presented his complaint to the Court for filing.

## CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint. If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 8

statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately respond to the issues raised herein on or before **November 15, 2021**, the undersigned will recommend dismissal of this action.

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 9

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint, a copy of this Order and the *Pro Se* Information Sheet.

Dated this 14th day of October, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge